UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WARNER CHILCOTT LABORATORIES IRELAND LIMITED, WARNER CHILCOTT COMPANY, LLC, WARNER CHILCOTT (US), LLC and MAYNE PHARMA INTERNATIONAL PTY. LTD.,<br><br>        Plaintiffs,<br><br>        v.<br><br>IMPAX LABORATORIES, INC., MYLAN PHARMACEUTICALS INC., MYLAN INC., MUTUAL PHARMACEUTICAL COMPANY, INC., UNITED RESEARCH LABORATORIES, INC. and URL PHARMA, INC.,<br><br>        Defendants. | Civil Action No.<br>2:08-cv-06304-WJM-MF |
| WARNER CHILCOTT LABORATORIES IRELAND LIMITED, WARNER CHILCOTT COMPANY, LLC, WARNER CHILCOTT (US), LLC and MAYNE PHARMA INTERNATIONAL PTY. LTD.,<br><br>        Plaintiffs,<br><br>        v.<br><br>SANDOZ INC.,<br><br>        Defendant. | Civil Action No.<br>2:09-cv-00228-WJM-MF<br><br>(Consolidated for discovery purposes) |

ME1 9302258v.1

| | |
|---|---|
| WARNER CHILCOTT LABORATORIES IRELAND LIMITED, WARNER CHILCOTT COMPANY, LLC, WARNER CHILCOTT (US), LLC and MAYNE PHARMA INTERNATIONAL PTY. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> ACTAVIS ELIZABETH LLC, ACTAVIS INC. and ACTAVIS GROUP HF., <br><br> Defendants. | Civil Action No. <br> 2:09-cv-00469-WJM-MF <br><br> (Consolidated for discovery purposes) |
| WARNER CHILCOTT LABORATORIES IRELAND LIMITED, WARNER CHILCOTT COMPANY, LLC, WARNER CHILCOTT (US), LLC and MAYNE PHARMA INTERNATIONAL PTY. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> IMPAX LABORATORIES, INC., <br><br> Defendant. | Civil Action No. <br> 2:09-cv-01233-WJM-MF <br><br> (Consolidated for discovery purposes) |
| WARNER CHILCOTT LABORATORIES IRELAND LIMITED, WARNER CHILCOTT COMPANY, LLC, WARNER CHILCOTT (US), LLC and MAYNE PHARMA INTERNATIONAL PTY. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> MYLAN PHARMACEUTICALS INC. and MYLAN INC., <br><br> Defendants. | Civil Action No. <br> 2:09-cv-02037-WJM-MF <br><br> (Consolidated for discovery purposes) |

## CERTIFICATION IN SUPPORT OF THE
## DISCOVERY CONFIDENTIALITY ORDER

Jonathan Short, under penalty of perjury, declares as follows:

1.  I am associated with the firm of McCarter & English, LLP, counsel for Warner Chilcott Laboratories Ireland Limited, Warner Chilcott Company, LLC, Warner Chilcott (US), LLC and Mayne Pharma International Pty. Ltd. (collectively "Plaintiffs"), in the above-captioned actions. I submit this Declaration in support of a request for the entry of a Discovery Confidentiality Order ("Discovery Confidentiality Order" or "Order").

2.  These cases arise out of the Plaintiffs' assertions of patent infringement under the Hatch-Waxman Act and Defendants' defenses thereto. Given the nature of the claims and the defenses asserted by the parties, discovery likely will include several areas of a sensitive nature, such as the parties' research and development efforts and commercial information. It is my understanding that the documents concerning these subjects contain trade secrets or other confidential research, development or commercial information, and it is anticipated that other information and materials produced or created during the course of discovery, such as deposition transcripts, may also contain confidential information.

3.  The parties in these cases assert that disclosure of this information without the entry of the Discovery Confidentiality Order would, among other things, result in harm to the parties and non-parties stemming from disclosure of trade secrets or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c). Because the disclosure of such materials poses a substantial risk of causing harm to the parties, the parties reached agreement that a Discovery Confidentiality Order is essential to the orderly conduct of discovery in these consolidated cases and to control the disclosure and use of confidential information produced in discovery.

4. Plaintiffs respectfully submit that good cause exists for the entry of the proposed Order. *See* Fed. R. Civ. P. 26(c); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). The nature of these cases requires the parties to seek and produce documents and information and elicit deposition testimony, the disclosure of which poses a substantial risk of harm to the producing party's legitimate proprietary and financial interests. The proposed Discovery Confidentiality Order provides reasonable restrictions on the disclosure of such sensitive materials, and is the form of Order proposed by the Local Civil Rules of this Court. To streamline the discovery process and minimize the need for the Court's intervention, the proposed Order adopts an approach that allows the producing party to designate certain materials being produced or deposition testimony as confidential. *See* Order, ¶¶ 2-3. Disclosure of such materials or deposition testimony designated as "Confidential Information" is limited to specific classes of persons as defined in the Order. *Id.*, ¶¶ 11-12. Moreover, the proposed Order requires the parties to seek permission to file confidential documents with the Court under seal, if such documents need to be filed as part of motion practice or other proceeding. *Id.*, ¶¶ 8-9.

5. The proposed Order also provides that the party requesting production of the information may challenge a producing party's confidential designation before the Court, thereby minimizing the likelihood that non-sensitive documents will be unnecessarily designated as confidential. *Id.*, ¶ 10. Orders of this type have been approved by the United States Court of Appeals for the Third Circuit. *See Pansy*, 23 F.3d at 787 n.17; *Cipollone v. Liggett Group Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986), *cert. denied*, 484 U.S. 976 (1987). This action does not involve any government entity or official, but rather involves private litigants. Furthermore, the information at issue would not otherwise be available under a freedom of information law. These factors further weigh in favor of entering the proposed Discovery Confidentiality Order. *Pansy*, 23 F.3d at 786, 791.

4

6.    Nothing herein is a waiver by Plaintiffs of any objection to any discovery request by any other party, nor an admission of the existence or relevance of such documents or information.

I declare under penalty of perjury that the foregoing is true and correct.

Date: November 13, 2009.                           By: _____
                                                                    Jonathan Short